David Matthew Haynie
Texas Bar No. 24087692
Ashley Pileika
New York Bar No. 974605
**FORESTER HAYNIE PLLC**
400 North Saint Paul St., Suite 700
Dallas, TX 75201
P: 214-210-2100 | F: 214-346-5909
matthew@foresterhaynie.com
apileika@foresterhaynie.com

Damon J. Baldone
Louisiana Bar Roll No. 21997
**DAMON J. BALDONE & ASSOCIATES**
162 New Orleans Blvd.
Houma, LA 70364
P: 985-868-3427
F: 985-872-2319
damon@baldonelaw.com

*Attorneys for Plaintiff Jane Doe*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Gordon Sumner, a/k/a Sting, an individual; The Police; Frontier Booking International, Incorporated a/k/a FBI; John Doe 1-100; Jane Doe 1-100; and Black & White Corporations 1-100,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, Jane Doe ("Plaintiff"), by and through her attorneys of record, and shows unto the Court the following:

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

**INTRODUCTION**

1.      Defendant The Police ("The Police") are a rock band formed in 1977. The band has primarily consisted of Defendant Gordon Sumner ("Sting"), Andy Summers, and Stewart Copeland.

2.      The Police's 1978 debut album *Outlandos d'Amour* reached No. 6 in the UK and that was quickly followed by their second album, *Reggatta de Blanc* in 1979, which reached No. 1 on the UK charts.

3.      After their debut album was released, The Police started on multiple tours across the United States in late 1978, and into 1979.

4.      In 1979, Plaintiff and a friend attended an event at which they would have the opportunity to meet members of The Police. Later that same day, Plaintiff and her family attended The Police's performance in Tempe, Arizona.

5.      After the performance, Sting invited Plaintiff to an afterparty and ultimately took her back to his hotel room. Sting was then a twenty-seven-year-old married adult, while Plaintiff was only a fifteen-year-old child.

6.      At the party in Phoenix and at the hotel in Tempe, Arizona, Sting sexually assaulted and raped Plaintiff. This action is brought to redress the harm that Plaintiff experienced then and continues to experience today due to Defendant Sting's misconduct.

7.      Plaintiff grew up in a loving and religious household in Arizona and was a fan of The Police. Plaintiff saved up and purchased tickets to the band's show for her parents as her father really liked the song "Roxanne". At the time of the rape, Plaintiff had never been with another person sexually.

-2-

COMPLAINT AND DEMAND FOR JURY TRIAL

8.      This statutory rape caused and continues to cause Plaintiff immense harm. Though Plaintiff has attended therapy and counseling for many years, she continues to feel the vast harmful effects of Defendants' behavior and suffers from flashbacks every time she hears a song by The Police or Sting and every time she sees an image of him. She brings this action seeking, at last, some remedy for Defendants' egregious abuse inflicted upon her when she was a child.

9.      In May 2019, the state of Arizona enacted H.B. 2466. The bill, which passed unanimously in the Arizona State Legislature, strengthens protections for victims of child sexual abuse by extending the amount of time victims have to pursue civil action against perpetrators. H.B. 2466 allows victims who did not have the opportunity to take civil action for their abuse due to the previous two-year limit to bring a claim against their perpetrator until December 31, 2020.

## JURISDICTION

10.     This Court has diversity jurisdiction over the claims in this Complaint because the aggregate amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

11.     Venue is proper within this District under 28 U.S.C. § 1391 because the acts, events, and/or omissions at issue took place in Maricopa County, Arizona, which is in this District and this Division.

## PARTIES

12.     Plaintiff, Jane Doe, is a citizen and resident of Sonoma County, California. Plaintiff was born in 1963 and is pursuing this action because she was raped by Sting in 1979, when she was only 15 years old. Consequently, the statutory rape was the direct and proximate result of Defendants' conduct.

-3-

COMPLAINT AND DEMAND FOR JURY TRIAL

13.     Defendant Gordon Sumner a/k/a "Sting" is an individual and is domiciled and a citizen of New York County, New York. Sting was a member of the band, The Police and had recording deals with A&M Records, which ultimately became part of Interscope and Universal Records, with which Sting still has record deals.

14.     Defendant The Police is a general partnership for profit with its principal place of business in New York County, New York and does business in the State of Arizona. Defendant The Police consists of general partners Gordan Sumner a/k/a Sting, Stewart Copeland, and Andy Summers.

15.     Defendant Frontier Booking International, Incorporated ("Frontier") is a Delaware corporation with its headquarters and principal place of business in New York City, New York and does business in the State of Arizona. Defendant Frontier Booking International, Incorporated is one of the nation's leading talent agencies, representing a variety of successful performers from actors and models to singers, designers, and voice-over artists.

16.     Frontier was founded by Ian Copeland, the older brother of The Police's drummer, Stewart Copeland.

17.     At all times relevant to this Complaint, Frontier was the entity and agency that was responsible for discovering, promoting, managing, and booking events for Sting and The Police and booked and managed their tours, including those in 1978-1980.

18.     Defendants Frontier and The Police, acting through their agents of any kind, recording artists, and employees, caused acts, events, or omissions to occur in Maricopa County, Arizona out of which these claims arise.

19.     Defendants Frontier and The Police have several programs and events that seek out the participation of children in their activities. These Defendants, through their officials, have

-4-

COMPLAINT AND DEMAND FOR JURY TRIAL

control over those activities involving children. These Defendants have the power to appoint, supervise, monitor, and fire each person working with children within their sponsored events and activities.

20.     Defendant Sting was and/or is under the supervision, employment and/or control of Defendants Frontier and The Police when he committed the wrongful acts, events, and/or omissions.

21.     At all times alleged, Frontier, The Police, their employees, officials, and/or agents were acting within the course and scope of employment or, alternatively, acting within their actual or apparent authority. At all times alleged, Sting was acting as an agent or employee of Defendants Frontier and The Police and was acting within the course and scopes of his employment and or actual or apparent authority of those Defendants. The wrongful acts, events, or omission committed by Defendants including Sting acted individually and in conspiracy with the other to hide and cover up this sexual assault and rape.

22.     Defendants JOHN DOE 1-100, JANE DOE 1-100, and BLACK & WHITE CORPORATIONS 1-100, are fictious names designating an individual or individuals or legal entities not yet identified who have acted in concert with the named Defendants either as principals, agents, co-participants, or co-conspirators whose true names Plaintiff may insert when identified.

23.     Plaintiff is informed and believes, and on that basis alleges that at all times alleged herein, Defendants and each of them and JOHN DOES 1-100, JANE DOES 1-100, and BLACK & WHITE CORPORATIONS 1-100, inclusive were the agents, representatives, and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them, JOHN DOES 1-100, JANE DOES 1-100, and BLACK & WHITE CORPORATIONS, inclusive were acting within the course and scope of said alternative personality, capacity,

COMPLAINT AND DEMAND FOR JURY TRIAL

indemnity, agency, representation, and or employment and were within their actual or apparent authority.

## STATEMENT OF FACTS

24.     Upon information and belief, that at all times herein mentioned, Defendant, Gordon Sumner, has also been known as "Sting."

25.     Upon information and belief, that at all times herein mentioned, Sting was a performer and member of the band The Police.

26.     That at all times herein mentioned, Plaintiff was under the age of 18 years old.

27.     On May 14, 1979, a record store then located in Papago Plaza in Scottsdale, Arizona, World Records, held an event in which fans were encouraged and able to meet members of the band, The Police.

28.     Defendant Sting met Plaintiff during the event held at World Records. Sting interacted with Plaintiff and took several photographs with Plaintiff while at the event held at World Records. While there, Sting began grooming Plaintiff and asked her how old she was and if she was coming to his show later that evening. Plaintiff informed Sting that she was 15 years old and that she would in fact be at the show later that night.

29.     The Police's drummer, Stewart Copeland, filmed throughout the event. Eventually, Stewart Copeland made a film that featured some of this footage, titled *Everyone Stares: The Police Inside Out*, in which the Plaintiff is included.

30.     After the event held at World Records, Plaintiff returned home to get ready for the concert that night. Later that same day, May 14, 1979, The Police performed at Dooley's, a club in Tempe, Arizona. Plaintiff, her friend, and her parents visited Dooley's to watch The Police perform. Plaintiff went to the show with her friend, and her parents went to the show separately.

-6-

COMPLAINT AND DEMAND FOR JURY TRIAL

31.     While at the concert at Dooley's, Plaintiff ventured away from her friend.  Before The Police began performing, Sting and the other members of The Police walked through the audience at Dooley's and visited with members of the audience. Sting found Plaintiff in Dooley's and talked to her briefly and asked her to sit on his lap during the opening band's performance. Sting placed Plaintiff on his lap and talked to her about the band.

32.     Sting and The Police then performed their set at Dooley's. After The Police performed, Sting informed Plaintiff of a house party being held that night in Phoenix. Sting asked Plaintiff to attend the house party with him and others, and Plaintiff agreed.

33.     Sting and Plaintiff entered a vehicle driven by The Police's guitarist, Andy Summers, along with two unidentified women. Plaintiff sat in the front passenger's seat of the vehicle and spoke primarily with Andy Summers from the venue to the house in Phoenix.

34.     Sting sat in the center backseat of the vehicle with the two other unidentified women on either side of him. During the ride from Dooley's to the house in Phoenix, Sting repeatedly touched Plaintiff's shoulder in attempts to gain her attention.

35.     Once they arrived to the house in Phoenix, all persons in the car went inside the house. Sting then led the Plaintiff to the backyard, and the pair sat together on a chaise lounge chair. During the encounter in the backyard, Sting kissed Plaintiff, touched her breasts, and touched her genitals.  Plaintiff then informed Sting again that she was only 15 years old. Sting then asked her if she was a virgin, to which she replied that she was a virgin and had never been with anyone before. Nevertheless, Sting persisted talking and touching Plaintiff until they left the party.

36.     Sting, Plaintiff, and Andy Summers left the party together in the same car. Plaintiff believed that she would reunite with her friend and return home upon arrival at the venue.

-7-

COMPLAINT AND DEMAND FOR JURY TRIAL

However, the car went to the Vagabond Inn, the hotel where members of The Police were staying while in Tempe, Arizona, which was across the street from the venue.

37.     Once they arrived and Plaintiff realized her friend was not at the venue, Sting and Plaintiff walked to Sting's hotel room. While in the room, Stewart Copeland filmed Sting and Plaintiff speaking to each other. Stewart Copeland exited the room at the urging of Sting, leaving Sting and Plaintiff, a fifteen year old girl, alone in Sting's hotel room.

38.     Sting removed his pants, exposing himself, and asked Plaintiff if she "wanted a lolly." Sting then turned Plaintiff around and lifted her dress. During the encounter in the hotel room, Sting had Plaintiff perform oral sex on him and Sting vaginally penetrated Plaintiff with his penis.

39.     After the rape in the hotel room, Sting led Plaintiff out of the hotel room and sent her home in a taxi. Upon returning home, Plaintiff went to take a shower and discovered she was bleeding in her vaginal region and was in significant amount of pain. Plaintiff never saw Sting again after that, nor heard from him.

40.     Shortly after the incident, Sting famously wrote the lyrics for *Don't Stand So Close to Me*. The Lyrics of the song state:

Young teacher, the subject
Of schoolgirl fantasy
She wants him so badly
Knows what she wants to be
Inside her there's longing
This girl's an open page
Book marking - she's so close now
This girl is half his age…

Her friends are so jealous
You know how bad girls get
Sometimes it's not so easy
To be the teacher's pet
Temptation, frustration

-8-

COMPLAINT AND DEMAND FOR JURY TRIAL

So bad it makes him cry
Wet bus stop, she's waiting
His car is warm and dry

41.     The song is about mixed feelings of lust, fear and guilt that a female student has for a schoolteacher and vice versa, and inappropriateness leading to confrontation which is unraveled later on in the song. The line, "Just like the old man in that book by Nabokov," alludes to Vladimir Nabokov's infamous novel, *Lolita*, which narrates a pedophile's yearlong sexual exploitation of a young girl. Sting later said of the song's inspiration, "You have to remember we were blond bombshells at the time and most of our fans were young girls, so I started role playing a bit. Let's exploit that."

42.     Within a year, Plaintiff told her closest friends about the incident. Plaintiff told several family members about the incident. Jane Doe has visited therapists throughout her life and has spoken to several therapists about the incident. In her adult life, Plaintiff has been unable to maintain a healthy relationship as a result of this traumatic incident.

43.     As stated above, Plaintiff did not and was not able to give free or voluntary consent to the sexual acts perpetrated against her by Sting, as Plaintiff was a minor child at the time and was only fifteen years old.

**<u>COUNT I</u>**
**<u>SEXUAL ASSUALT/SEXUAL ABUSE/SEXUAL CONDUCT WITH A MINOR</u>**

44.     Plaintiff incorporates all other paragraphs as if fully set forth herein.

45.     Defendant Sting intentionally, knowingly, recklessly, or negligently engaged in sexual contact with Plaintiff.

46.     Defendant Sting intentionally, knowingly, recklessly, or negligently engaged in sexual contact without Plaintiff's consent and when she was a minor incapable of consenting to such sexual contact.

-9-

COMPLAINT AND DEMAND FOR JURY TRIAL

47.     As a direct and proximate cause of Defendant Sting's wrongful acts, Plaintiff suffered and will continue to suffer in the future physical and emotional injury including, but not limited to, great pain of mind and body, shock, mental anguish, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling, and past and future loss of earnings.

48.     The allegations set forth in this Count constitute traditional negligence and negligence per se for laws enacted for the protection of a specific class of persons of which Plaintiff is a member.

49.     WHEREFORE, Plaintiff demands judgment against the Defendant, and requests compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT II
## NEGLIGENCE

50.     Plaintiff incorporates all other paragraphs as if fully set forth herein.

51.     Defendants The Police and Frontier owed Plaintiff a duty of reasonable care to protect the Plaintiff from injury.

52.     Defendants The Police and Frontier owed Plaintiff a duty of reasonable care because they solicited youth and parents for participation in their programs, events, and concerts. They promoted their events and programs as being safe for children and encouraged their agents, including Sting, to spend time and interact with underage fans.

53.     Because of this, Defendants The Police and Frontier owed Plaintiff a duty to properly supervise her and to prevent harm from foreseeable dangers.

-10-

COMPLAINT AND DEMAND FOR JURY TRIAL

54.     By establishing tours, meet and greets, and events marketed at children, Defendants The Police and Frontier owed Plaintiff a duty to properly supervise her to prevent harm from foreseeable dangers.

55.     Defendants The Police and Frontier breached their duties to Plaintiff. These Defendants failed to use ordinary care in determining whether their events were safe and/or in determining whether they had sufficient information to represent their events as safe. Defendants The Police and Frontier breached their duties including, but not limited to: failure to protect Plaintiff from a known danger, failure to properly implement policies and procedures to prevent child sex abuse, failure to properly implement policies and procedures to prevent child sex abuse, failure to take reasonable measures to ensure that policies and procedures to prevent child sex abuse were working, failure to adequately inform families and children of the risks of child sex abuse, failure to investigate risks of child sex abuse, failure to properly train the employees and agents, failure to protect the children at their events and programs from child sex abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the events, concerts, programs, agents, employees, and bandmembers as safe, and failure to properly train their employees and/or agents to identify signs of child sex abuse.

56.     Defendants The Police and Frontier breached their duties to Plaintiff by failing to use reasonable care. These Defendants' failures include, but are not limited to, failing to properly supervise Defendant Sting and the other members of The Police, failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known or foreseeable danger.

-11-

COMPLAINT AND DEMAND FOR JURY TRIAL

57.     Defendants The Police and Frontier knew or should have known that Sting was a danger to children before Sting raped Plaintiff. Prior to the sexual abuse of Plaintiff, Defendants The Police and Frontier learned or should have learned that Sting was not fit to work with children.

58.     Defendants knew or should have known that there was a risk of child sex abuse for children participating in events, programs, and activities within the control of The Police and Frontier. At the very least, The Police and Frontier knew or should have known that they did not have sufficient information about whether or not there was a risk of child sex abuse for children participating in their events, programs, and activities.

59.     Defendants' actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities Defendants marketed and offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable fifteen-year-old child to whom Sting had access through Defendants' events, programs, and activities, Plaintiff was a foreseeable victim.

60.     As a direct and proximate cause of Defendants' wrongful acts, Plaintiff suffered and will continue to suffer the future physical and emotional injury including, but not limited to, great pain of mind and body, shock, mental anguish, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling, and past and future loss of earnings.

61.     WHEREFORE, Plaintiff demands judgment against Defendants Police and Frontier and requests compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.     Plaintiff incorporates all other paragraphs as if fully set forth herein.

63.     Sting's wrongful conduct, including rape, exceeded the bounds of decency and was extreme and outrageous, causing Plaintiff to suffer severe emotional and psychological distress.

64.     In committing these acts described above, Sting acted intentionally and/or recklessly.

65.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff suffered and will continue to suffer the future physical and emotional injury including, but not limited to, great pain of mind and body, shock, mental anguish, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling, and past and future loss of earnings.

66.     WHEREFORE, Plaintiff demands judgment against the Defendant, and requests compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT IV
## ASSAULT

67.     Plaintiff incorporates all other paragraphs as if fully set forth herein.

68.     Defendant Sting intentionally, knowingly, and/or recklessly caused serious physical and mental/emotional injury to Plaintiff.

69.     Sting intentionally, knowingly, recklessly, and/or negligently placed Plaintiff in reasonable apprehension of imminent physical injury.

-13-

COMPLAINT AND DEMAND FOR JURY TRIAL

70.     Sting intentionally, knowingly, recklessly and/or negligently touched Plaintiff with the intent to injure, insult, or provoke.

71.     As a direct and proximate cause of Sting's abuse of Plaintiff, Plaintiff suffered and will continue to suffer the future physical and emotional injury including, but not limited to, great pain of mind and body, shock, mental anguish, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling, and past and future loss of earnings.

72.     WHEREFORE, Plaintiff demands judgment against the Defendant, and requests compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**COUNT V**
**BATTERY**

73.     Plaintiff incorporates all other paragraphs as if fully set forth herein.

74.     Defendant Sting intentionally, knowingly, and/or recklessly caused serious physical and mental/emotional injury to Plaintiff.

75.     In committing the acts described above, Sting intentionally engaged in unlawful and intentional touching or application of force to Plaintiff's person.

76.     Sting intentionally touched Plaintiff in a rude, insolent, or angry manner.

77.     An offensive contact to Plaintiff's person occurred as a result of Sting's conduct.

78.     As a result of Sting's actions, Plaintiff suffered damages in an amount to be determined at trial.

79.     As a direct and proximate cause of Sting's abuse of Plaintiff, Plaintiff suffered and will continue to suffer the future physical and emotional injury including, but not limited to, great

-14-

---

pain of mind and body, shock, mental anguish, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling, and past and future loss of earnings.

80.     WHEREFORE, Plaintiff demands judgment against the Defendant, and requests compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

81.     Plaintiff demands a trial by jury on all of the triable issues within this pleading.

## PRAYER FOR RELIEF

82.     WHEREFORE, Plaintiff prays for the following relief against Defendants:

a)      For Plaintiff's general and special damages in an amount to be proven at trial by jury;

b)      For Plaintiff's incurred costs together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment until paid;

c)      For the fair and reasonable monetary value of Plaintiff's past, present, and future pain and suffering in an amount to be proven at trial by jury;

d)      For the medical expenses incurred up to the date of trial and any additional expenses necessary for future medical care and treatment;

e)      Economic damages in the form of out of pocket expenses, lost earnings, and other economic damages in an amount to be determine at trial of this action;

-15-

f)      For punitive damages or exemplary damages to be set by a jury in an amount sufficient to punish Defendant for his outrageous conduct and to make an example of him so that others do not engage in similar conduct in the future;

g)      Costs including reasonable attorneys' fees and costs, court costs, and other litigation expenses; and

h)      For such other and further relief as this Court may deem just and proper.

Dated this 18th of November, 2020.

*/s/ David Matthew Haynie*
**David Matthew Haynie**

*/s/ Ashley Pileika*
**Ashley Pileika**

*/s/ Damon J. Baldone*
**Damon J. Baldone**

*Attorneys for Plaintiff Jane Doe*

-16-

COMPLAINT AND DEMAND FOR JURY TRIAL